ROSS ET AL. *v.* REVIEW BOARD OF INDIANA
EMPLOYMENT SECURITY DIVISION

[No. 30,264. Filed May 28, 1962.]

*James W. Oberfell,* and *Crumpacker, May, Beamer, Levy & Searer,* both of South Bend, for appellants.

*Edwin K. Steers*, Attorney General, and *Keith Campbell*, Deputy Attorney General, for appellee, Review Board.

*James F. Thornburg, Thomas L. Murray, William J. Reinke*, and *Seebirt, Oare, Deahl & Thornburg*, of counsel, of South Bend, for appellees, Continental Can Co., and Robert Gair Paper Products Group.

JACKSON, J.—This case is here on petition to transfer from the Appellate Court. The Appellate Court (172 N. E. 2d 442) reversed the decision of the appellee, Review Board, in denying benefits claimed by appellants.

Briefly the factual situation may be summarized as follows: The appellee, Continental Can Company and Local No. 1049 of United Papermakers and Paperworkers, AFL-CIO, entered into a collective bargaining agreement covering the period from May 1, 1958, to May 1, 1959. Appellants are members of said Union and employees of the appellee, Continental Can Company, Inc. During the period of this agreement, on June 10, 1958, a deputy union steward was discharged by the employer-appellee. On June 11, 1958, a walkout of about 85 of the 603 employees occurred early in the afternoon. Later that afternoon the work stoppage spread to the rest of the plant.

The Union termed the walkout as an unauthorized strike. A mass meeting of the employees was held on June 16, 1958, and Union officials directed the employees to return to work. On the same date as the meeting the company ordered the power plant shut down, the evidence showing that the power plant could be started up from a cold shut down in about eight to twelve hours. On June 17, 1958, a number of the employees attempted to report for work, but were told that there was no work for them.

Thereafter appellants sought to collect unemployment benefits from and after June 17, 1958, for the work stoppage which occurred at appellee's plant. The referee to whom the matter was referred determined the claims adversely to the appellants, and thereafter the Review Board affirmed the decision of the referee denying the compensation.

A number of arguments are presented by the claimants which they claim entitle them to compensation, among them being that there was a voluntary inability upon the part of the appellee-employer to provide work from June 17, 1958, by shutting down its power plant, and that the statute provides that employees are entitled to compensation when there is a work stoppage "through no fault of their own." Acts 1947, ch. 208, §101, p. 673, being §52-1525, Burns' 1951 Replacement.

The facts are undisputed in this case that the appellants engaged in what is commonly called a "wild cat" strike, and refused to work because they claimed, among other things, that there was a wrongful discharge of one of the employees on the ground that he had "roughed up" a foreman. The Union representatives of appellants condemned the wild cat strike, and informed both the employer and employees that the work stoppage was without authority and unjustified. Since it is undisputed that appellants' work stoppage was unauthorized, it could be reasonably concluded that they "left work voluntarily without good cause," and under Acts 1957, ch. 261, §1, p. 615, being §52-1539, Burns' 1961 Cum. Supp., they are not entitled to compensation under the statute, which reads as follows:

"An individual shall be ineligible for waiting period or benefit rights: For the week in which

he has left work voluntarily without good cause or has been discharged for misconduct in connection with his work, and for all weeks subsequent thereto until such individual has thereafter earned remuneration equal to not less than ten [10] times his weekly benefit amount in employment as defined in section 1508 [§52-1539g] hereof; Provided, however, that if such individual receives dismissal wages covering a period of time subsequent to such week the disqualification shall become effective at the end of such period."

During the oral argument this statute was referred to and this court asked each side to present briefs on the point. This statute may or may not have been relied upon by the Review Board in arriving at its determination of the issues in this cause. It is well settled that the burden is on appellant to show error on appeal. As long as there is any substantial ground upon which the decision of the lower tribunal may be sustained on appeal, the judgment will not be reversed. The reviewing court may examine the entire record to sustain the lower court's action. The court does not search the record to reverse, although it may do so in order to affirm. *State ex rel. Tittle* v. *Covington Etc., Schools* (1951), 229 Ind. 208, 96 N. E. 2d 334; *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, 92 N. E. 2d 544; 2 I. L. E., Appeals, §461, p. 332, 333. F. W. & H., Ind. Tr. & App. Pract., 1961 Pocket Supp., §2783, p. 134.

There is ample evidence in the record to sustain the decision of the Review Board in its denial of compensation to the appellants.

The rule as stated by the Appellate Court in *Merkle* v. *Review Bd., Emp. Sec. Div.* (1950), 120 Ind. App. 108, 111, 90 N. E. 2d 524, is as follows:

"Burns' 1933 (1949 Supp.), §52-1542k, provides that: 'Any decision of the review board shall be

conclusive and binding as to all questions of fact.' This means that we are not at liberty to weigh the evidence. We must accept the facts as found by the board and can disregard them only in the event they are not sustained by any evidence of probative value. *White* v. *Review Board of Indiana, etc.* (1944), 114 Ind. App. 383, 52 N. E. 2d 500; *News Publishing Co.* v. *Verweire* (1943), 113 Ind. App. 451, 49 N. E. 2d 161; *Craddock Furniture Corp.* v. *Nation* (1944), 115 Ind. App. 62, 54 N. E. 2d 295, 55 N. E. 2d 121. . . ."

This rule was followed in the later case of *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, 277, 278, 116 N. E. 2d 650.

Further, this Court in *Adams et al.* v. *Rev. Bd. Ind. Emp. Sec. Div. et al.* (1957), 237 Ind. 63, 69, 143 N. E. 2d 564, approved the rule as enunciated by the Appellate Court as follows:

"The question whether a claimant is available for work so as to be entitled to unemployment benefit payments is one of fact to be determined by the Review Board. *Youngstown S. & T. Co.* v. *Rev. Bd., E. S. D.* (1954), 124 Ind. App. 273, 277, 116 N. E. 2d 650.

"It is the general rule that the decision of the Board as to all questions of fact is conclusive and binding upon the court; and the court will not disturb the decision of the Board 'unless reasonable men would be bound to reach a different conclusion on the evidence' in the record. . . ."

The decision of the Review Board is therefore affirmed.

Arterburn, C. J., Achor, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 182 N. E. 2d 585.