In re the Adoption of Infant Male,
William James Graft by Millie Goodwin.

[No. 3-672A9. Filed October 26, 1972.]

*Hugo E. Martz,* of Fort Wayne, for appellant.

Staton, J.—Millie Goodwin's petition to adopt four year old William James Graft was denied at the conclusion of an *ex parte* proceeding in the Allen Superior Court. She filed her "Motion to Correct Errors" which raises these issues for our consideration on this appeal:

"I. Whether Mrs. Goodwin has met all the requirements for adoption set out in Burns Ind. Ann. Stat. § 3-121.

"II. Whether an adoption can be denied because the adopting parent refuses to relinquish Aid to Dependent Children benefits.

"III. Whether Mrs. Goodwin was denied due process of law since the reasons for denial of her adoption petition

were not made known, and the decision could have been based on evidence or presumptions which she had no opportunity to refute or rebut."

We affirm the Allen Superior Court's judgment denying the petition for adoption in our opinion which follows.

*STATEMENT OF THE FACTS:* William James Graft is a four year old interracial child. His white unwed mother consented to his adoption. For the last two years, William Graft has lived with Millie Goodwin. William Graft's natural mother has married someone other than Millie Goodwin's son. Paternity has not been established, but the Welfare Report indicates that the Petitioner's son is the father.

Millie Goodwin filed her petition for the adoption of William James Graft on April 27, 1971. An *ex parte* proceeding was held upon her petition on June 7, 1971. Millie Goodwin testified that she is forty-six years of age and the mother of six children. Three of these children now live at home, and their ages are ten, twelve and seventeen years respectively. She is unemployed. Her sole source of income is from social security and Aid to Dependent Children. She receives $342.00 social security benefits monthly for her minor children now living at home and $109.00 from Aid to Dependent Children which gives her a total income of $451.00 a month. William James Graft's natural mother received $115.00 per month in Aid to Dependent Children benefits; however, Millie Goodwin testified that she only received $31.00 per month for William James Graft. A letter from a welfare caseworker stated that she did not feel "that Mrs. Goodwin took this child for A.D.C. benefits." The Welfare Report recommended the adoption of William James Graft by Millie Goodwin. After the hearing, the court took the petition under advisement. The petition was denied on January 7, 1972, and Millie Goodwin filed her motion to correct errors on March 1, 1972, which raised the issues set forth below:

*STATEMENT OF THE ISSUES:* The first issue is based upon a statute, IC 1971, 31-3-1-8; Ind. Ann. Stat. § 3-121

(Burns Supp. 1972). This issue is presented by Millie Goodwin from the viewpoint that the evidence submitted by her is susceptible to only a favorable finding. The statute referred to above is as follows:

> "Whenever the court shall find (a) that the adoption prayed for is for the best interest of the child; (b) that the adopting parent or parents are of sufficient ability to rear the child and furnish suitable support and education; (c) that the report of such investigation and recommendation has been filed; and (d) that proper consent, if any be necessary, to the adoption has been given, the court shall grant such petition and shall enter a decree of adoption.

> "If [In] such decree the court shall, if such child be a ward of any guardian or agency or department of public welfare, provide for the custody of such child.

> "From and after such adoption such child shall take the name prayed for in the adoption petition, if new name is given therein.

> "If the court dismisses the petition, the court shall determine the person who should have custody of the child."

Millie Goodwin's statement of the issue in her brief is:

> "I. Whether Mrs. Goodwin has met all the requirements for adoption set out in Burns Ind. Ann. Stat. § 3-121."

The second issue springs forth from the assumption that the trial court has created a pre-condition which is not required by the statute and is, therefore, contrary to law. Millie Goodwin has stated this issue as follows:

> "II. Whether an adoption can be denied because the adopting parent refuses to relinquish Aid to Dependent Children benefits."

The third issue contends that due process was not given the petitioner since no reason was given by the trial court for its negative judgment on the evidence presented. Millie Goodwin sets forth this issue in her brief as follows:

> "III. Whether Mrs. Goodwin was denied due process of law since the reasons for denial of her adoption petition

were not made known, and the decision could have been based on evidence or presumptions which she had no opportunity to refute or rebut."

*STATEMENT OF LAW:* The trial court's negative judgment appears to have confounded Millie Goodwin. Her petition was heard *ex parte* and the Welfare Report recommended the adoption. Yet, the trial court denied her petition for adoption. Her argument upon the first issue amounts to a disagreement with the trial court's judgment as to what the evidence shows. The evidence was uncontradicted, but even uncontridicted evidence is sometimes capable of supporting conflicting inferences. This is especially true where additional evidence is offered in support of facts in evidence and a broad contention is being urged. The perceptual inferences to a trial judge are not available from the lifeless, written record before us. Nevertheless, it is the uncontradicted evidence in the record that we must examine for multiple inferences to decide the question now before us.

This court stated in *Haynes* v. *Brown* (1949), 120 Ind. App. 184, 190, N. E. 2d 795, 797 that:

". . . [U]ncontradicted evidence will sometimes support conflicting inferences, and when that is the case, the inferences drawn by the trier of the facts will prevail."

No reason was given by the trial court for denying the petition.[1] We must examine the entire record before us to ascertain whether the trial court's judgment denying the petition for adoption is sustainable upon any theory. Only the evidence and the reasonable inferences to be drawn therefrom which are most favorable to sustaining the theory will be discussed. The general rule that we have referred to here is set forth in *Lewis* v. *Burke* (1968), 143 Ind. App. 696, 697, 242 N. E. 2d 382:

---

1. The trial court is not required to make findings in the absence of a request. See TR. 52 (A) of the Indiana Rules of Procedure, IC 1971, 34-5-1-1. We discuss this rule in a comparative fashion in footnote 3.

"The general rule of law is well settled that on appeal all reasonable presumptions are indulged in favor of the rulings and judgment of the trial court. Generally speaking, if the action of the trial court is sustainable upon any theory, it must be affirmed. In support of this general rule, our Supreme Court in the case of *Ross, et al.* v. *Review Board of Indiana Employment Security Division* (1962), 243 Ind. 61, 65, 182 N. E. 2d 585, stated:

> 'As long as there is any substantial ground upon which the decision of the lower tribunal may be sustained on appeal, the judgment will not be reversed. The reviewing court may examine the entire record to sustain the lower court's action. The court does not search the record to reverse, although it may do so in order to affirm. *State ex rel Tittle* v. *Covington, etc., Schools* (1951), 229 Ind. 208, 96 N. E. 2d 334; *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, 92 N. E. 2d 544; 2 I. L. E. *Appeals*, Sec. 461, p. 332, 333; F. W. & H. Ind. Tr. and App. Pract. 1961 Pocket Supp. Sec. 2783, p. 134.' "See also *Snauffer v. Peoples Trust and Savings Co.* (1965), 140 Ind. App. 491, 212 N. E. 2d 165."

The trial court was concerned with Millie Goodwin's "sufficient ability to rear the child and furnish suitable support and education;" which is required by the statute. We find the court asking these questions of Millie Goodwin regarding her ability to provide suitable support and education:

"Q. Did I understand that you are not working anyplace?
"A. No, I am not.

"Q. Just getting Social Security?
"A. Yes, I am.

"Q. How much do you get there a month, Social Security?
"A. Social Security is approximately $370.00.

\* \* \*

"Q. How would you get along if you were minus the $67.00 support for young Willie on your Aid to Dependent Children, could you get along on that Social Security only?

"A. With or without the A.D.C.?

"Q. Yes.
"A. Why without you mean?

"Q. Without it?

"A. I think I could get along.

"Q. See adoptions are granted for several reasons but one is predicated on the fact that you are financially able to take care of a child and if you are getting Aid for Dependent Children it doesn't appear that financially you have the assets with which to take care of him, and it is the responsibility then of the community instead of your responsibility to take care of him."

Social Security benefits would be reduced as her three children living at home reached their majority or became emancipated. This prevailing condition coupled with Millie Goodwin's capacity to earn a sufficient income to care for herself and William James Graft in later years as well as in the present would have been a sufficient reason for denying the petition. An additional investigation was made concerning Aid to Dependent Children payments. Our Supreme Court concluded in *Johnson* v. *Smith* (1931), 203 Ind. 214, 221, 176 N. E. 705, 707:

"The trial court, in a case like this involving the custody of a minor of tender age, is not limited in its investigation to the showing the parties may choose to make. It may, on its own motion, make such further investigation as the necessity of the case may warrant. This court reviews the record of the trial court with the presumption that it is free from harmful error to the losing party. We must assume that the court, in the instant case, in giving the custody of the child to appellees, exercised its discretion, the abuse of which is not disclosed by the showing made on appeal."

We find no error upon examining the first issue urged by Millie Goodwin.

The second issue urged by Millie Goodwin is an alleged imposed condition by the trial court. This contention is based largely upon a question by the trial court addressed to Millie Goodwin:

"Q. If it meant the difference between granting the adopting and not granting the adoption on your aid to dependent children income that you receive, would you

agree to take yourself and the child off the rolls for Aid to Dependent Children?"

We have examined the entire record. At no time did the trial court make relinquishment of Aid to Dependent Children benefits a condition to granting the petition for adoption. A *quid pro quo* is suggested by this argument, but the record is void of any offer or condition by the trial court. We find that this proposed issue of error is without merit.

The third issue of error argued by Millie Goodwin is predicated upon the denial of due process. This argument assumes that it is mandatory for a trial court to give its reasons or findings of fact when rendering a judgment on all matters before it.[2] The assumption is false. TR. 52(A) provides:

"(A) Effect. In the case of issues tried upon the facts without a jury or with an advisory jury, the court shall determine the facts and judgment shall be entered theron pursuant to Rule 58. Upon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury or with an advisory jury (except as provided in Rule 39[D]) shall find the facts specially and state its conclusions thereon. The court shall make special findings of fact *without request*.

(1)  in granting or refusing preliminary injunctions;

(2)  in any review of actions by an administrative agency; and

(3)  in any other case provided by these rules or by statute.

---

2.  Millie Goodwin contends at page 15 of her brief that:

"But 'inherent in the most narrow view of due process is the right to know of adverse evidence and the opportunity to rebut its truth and relevance.' "

We remind the reader of this opinion that the only evidence submitted at the *ex parte* hearing was that evidence submitted by Millie Goodwin. The evidence was uncontradicted. The only other evidence submitted which Millie Goodwin did not have absolute control over was that of the Welfare Department. All of this evidence was favorable to her petition. Again, we point out that it is what the evidence shows and the inferences which may be gleaned from it that Millie Goodwin objects to and not "adverse evidence and the opportunity to rebut its truth and relevance."

"On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. . . ."

Prior to the admission of evidence, Millie Goodwin could have requested that the trial court find the facts specially and state its conclusions thereon. She did not. Failure to assert an available right does not constitute error on appeal nor lack of due process.[3]

The judgment of the trial court denying the petition for adoption of Millie Goodwin should be and the same hereby is affirmed.

Hoffman, C.J., and Sharp. J., concur.

NOTE.—Reported in 288 N. E. 2d 274.

---

3. A comparison of the pertinent parts of the now repealed Ind. Ann. Stat. § 2-2102 (Burns 1968), the new rule, TR. 52(A) of the Indiana Rules of Civil Procedure and Federal Rule 52(a) reveals the following differences. The old rule, Ind. Ann. Stat. § 2-2102 provided:
"Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff or defendant, unless one of the parties requests it, with a view of except-

ing to the decision of the court upon the questions of law involved in the trial; *in which case, the court shall first state the facts in writing, and then the conclusions of law upon them,* and judgment shall be entered accordingly. . . ." (Our emphasis)

TR. 52(A) of the Indiana Rules of Civil Procedure now requires the following:

"In the case of issues tried upon the facts without a jury or with an advisory jury, the court shall determine the facts and judgment shall be entered thereon pursuant to Rule 58. *Upon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury* or with an advisory jury (except as provided in Rule 39[D]) *shall find the facts specially and state its conclusions thereon. . . .*" (Our emphasis)

The fact that the trial court is not required to make special findings of fact unless requested [or under certain exceptions found in TR. 52(A)] remains unchanged. See *Langford* v. *Anderson Banking Co.* (1970), 146 Ind. App. 677, 258 N. E. 2d 60; *Arnett* v. *Helvie* (1971), 148 Ind. App. 476, 267 N. E. 2d 864; and *Vogel* v. *Harlan* (1971), 150 Ind. App. 426, 277 N. E. 2d 173. It will be noted, however, that the new rule TR. 52(A) no longer requires that the court make conclusions of law. "The judgment entered upon the findings will show the decision or conclusion of the court on the law." 3 *Ind. Prac.—Rules of Civ. Proc.,* Harvey p. 422. The Federal Rule 52(a) differs from the practice in Indiana in that special findings of fact and conclusions of law are mandatory in all actions tried upon the facts without a jury regardless of requests for them by the parties:

"(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. . . ." 9 Wright & Miller, *Federal Practice and Procedure:* Civil, p. 677.