NILAH SANDERS *v.* CHARLES W. SANDERS, JR.

[No. 3-773A93. Filed May 16, 1974. Rehearing denied July 18, 1974.]

*Ronald Glen Thomas,* of Angola, for appellant, *Grant Van Horne, Van Horne & Van Horne,* of Auburn, for DeKalb County Department of Public Welfare.

*Phyllis G. Poff,* of Auburn, *David Peebles,* of Fort Wayne, for appellee.

HOFFMAN, C.J.—In the instant appeal, both Nilah Sanders (the wife) and Charles W. Sanders, Jr. (the husband) attack that portion of a divorce judgment of the trial court which makes certain provisions as to their minor children. The particular provisions of the judgment which they attack order that their children become wards of the DeKalb County Department of Public Welfare, that they be placed in a "foster and/or adoptive home * * *", and that they be denied any visitation by either parent.

The central issue in this appeal is whether the trial court had jurisdiction in the divorce action to order this permanent termination of all the parental rights of the parties.

The section of the divorce statute in effect at the time of the entering of the judgment which dealt with the disposition of the children was IC 1971, 31-1-12-15 (Burns Code Ed.).[1]

---

1. IC 1971, 31-1-12-15, and all of Title 31, Art. 1, ch. 12, was repealed by Acts 1973, P.L. 297, § 3, effective September 1, 1973, and was replaced by ch. 11.5. The judgment at issue in the case at bar was entered January 31, 1973, before the repeal was effective.

It stated the determinations which could be made by a trial court in a divorce action as to the children of the parties as follows:

"Guardianship, custody, support and education of children —*The court in decreeing a divorce shall make provision for the guardianship, custody, support, and education of the minor children of such marriage;* and the court may require the father to provide all or some specified part of the cost of education of such child or children beyond the twelfth year of education provided by the public schools, taking into consideration the earnings of the father, the station in life of the parents and child or children involved, the aptitude of the child or children as evidenced by school records, the separate property of the child or children, and all other relevant factors: Provided, That the jurisdiction over the child or children shall remain in the court at all times during the child's or children's minority and shall not be lost because of the death of either parent." (Emphasis supplied.)

The judgment of the trial court at issue in the case at bar might appear at first blush to be a valid provision for "guardianship" or "custody" of the children. However, the language emphasized above must be read in light of the case law which has interpreted it since its enactment in 1873.

The cases recognize the common-law rule that the natural parents of a minor child are entitled to custody of the child, except where they are shown to be unsuitable persons to be entrusted with the care, control and education of the child. *Combs* v. *Gilley* (1941), 219 Ind. 139, 36 N.E.2d 776; *Gilmore* v. *Kitson* (1905), 165 Ind. 402, 74 N.E. 1083. Thus, it has been held that these parental rights must be given a full consideration and due weight in custody proceedings, although they are subordinated to the welfare of the children. See: *Beach* v. *Leroy* (1950), 228 Ind. 122, 89 N.E.2d 912; and *Bryan* v. *Lyon, et al.* (1885), 104 Ind. 227, 3 N.E. 880. However, this parental right is not cut off by a determination of custody adverse to a parent, and it may serve as a basis for a later award of custody to that parent when the circumstances surrounding the original award have

changed. *State ex rel. Gregory* v. *Superior Court, etc.* (1961), 242 Ind. 42, 176 N.E.2d 126.[2]

The long standing existence and effect of this right is demonstrated by the case of *Bryan* v. *Lyon, et al., supra.* Therein, the father sought custody of his children after the death of his former wife and was opposed by the maternal grandparents, who asserted that an award of custody to the wife in the divorce decree terminated the father's right to custody. Our Supreme Court disagreed and, at 234 of 104 Ind., at 883-884 of 3 N.E., stated:

> "[W]e are well satisfied that the judgment in the divorce case did not, and could not, forever cut off and bar appellant's right to the custody of his children. By reason of his neglect at the time, and prior to the divorce case, and, perhaps, for other reasons, he might have been an unsuitable person at that time to have the care and custody of the children; * * *. It does not follow, however, that because he was at that time thus adjudged not entitled to the custody of the children, as against the claim of the mother, that adjudication shall be a perpetual adjudication of his unfitness, under all and changed circumstances, to have the custody of his children." (Emphasis supplied.)

It is apparent from the foregoing that the trial court in the case at bar could not have properly based its permanent termination of the parental rights of both parties on the divorce statutes then in effect.

There existed at the time of the judgment a limited number of other grounds upon which the trial court might have based its action. Since the judgment of the trial court must be sustained if there was any substantial ground upon which it could have been based,[3] these additional grounds must be examined.

---

2. The *Gregory* case was overruled by the 1965 amendment to IC 1971, 31-1-12-15 (Burns Code Ed.), insofar as it held that a trial court in a divorce action lost jurisdiction of child custody matters when one parent died.

3. *Ross et al.* v. *Review Bd. of Ind. Emp. Sec. Div.* (1962), 243 Ind. 61, 182 N.E.2d 585; *Hickey* v. *Hickey* (1973), 156 Ind. App. 610, 298 N.E.2d 29.

The parental rights of the husband and wife in the case at bar could have been terminated with their consent. However, in view of their reaction to the judgment of the trial court, and the lack of any such evidence in the record of the proceedings, this possible basis must be eliminated.

Since adoption is mentioned in the judgment of the trial court it, too, must be considered as a possible proper basis for such judgment. The statutory adoption procedures for the adoption of children are set out in IC 1971, 31-3-1-1, *et seq.* (Burns Code Ed.). The statutory proceedings for termination of parental rights are set out in IC 1971, 31-3-1-7 (Burns Code Ed.). Under these statutory requirements, the jurisdiction of any court over an adoption proceeding or termination of parental rights is predicated upon the filing of a petition with the court. See: 31-3-1-1, *supra,* and 31-3-1-7, *supra.* However, no such petition appears of record in the instant case. Thus, adoption and termination of parental rights must also be eliminated as a possible basis for the judgment of the trial court here at issue.

Another possible basis lies in a statutory provision in effect at the time of the trial court's judgment which allowed the children of divorced parents to be sent to an orphans' home in the county where the divorce suit originated. See: IC 1971, 31-1-17-1—31-1-17-3 (Burns Code Ed.).[4] However, 31-1-17-2, *supra,* required that "[t]he disposition of any such children shall be *specified and recited in the decree of the court* trying any such cause." (Emphasis supplied.) Such specification and recitation were not included in the decree of the court in the case at bar. Accordingly, this former statutory provision must likewise be discarded as a possible basis for the judgment of the trial court which is the subject of this appeal.

---

4. Although IC 1971, 31-1-17-1—31-1-17-3 (Burns Code Ed.), have since been repealed by Acts 1973, P.L. 297, § 3, the effective date of repeal is July 26, 1973, well after the January 31, 1973, date of the final judgment in the present case.

The last manner in which the trial court could have extinguished parental rights is through juvenile proceedings under IC 1971, 31-5-5-1, *et seq.* (Burns Code Ed.). IC 1971, 31-5-5-3 (Burns Supp. 1973), states that, if a child is found to be "dependent" or "neglected", the juvenile court can make such child a ward of the State subsequent to a hearing for that purpose. This action must necessarily be initiated by the filing of a petition, the contents of which are prescribed in IC 1971, 31-5-7-8 (Burns Code Ed.). Absent such petition, hearing and determination or, alternatively, a specific showing in the petition that the court must immediately assume custody (IC 1971, 31-5-7-9 (Burns Code Ed.)), the juvenile court has no jurisdiction over the custody of the child. Also, the action herein is a divorce action and a juvenile court is without jurisdiction in divorce proceedings.

The inescapable conclusion which results is that the trial court in the instant case exceeded its jurisdiction when it ordered an effective permanent termination of the parental rights to the children in the divorce action pending before it. There being no proper basis in law for its action, the judgment of the trial court insofar as it permanently terminated the parental rights of the parents to their children must be reversed.

Reversed and remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

Garrard, J., concurs; Staton, J., concurs in result.

NOTE.—Reported at 310 N.E.2d 905.