Louise **FLOCK**, Executrix of the Estate of Henry G. Hughes, Deceased, Appellant–Plaintiff,

v.

Anne L. **SNIDER**, Appellee–Defendant.

No. 31A04–9708–CV–358.

Court of Appeals of Indiana.

Aug. 13, 1998.

H. Lloyd Whitis, S. Morris Wilson, Corydon, for Appellant–Plaintiff.

Samuel A. Day, Eric D. Johnson, Kightlinger & Gray, Indianapolis, for Appellee–Defendant.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff Louise Flock ("Flock"), Executrix of the Estate of Henry G. Hughes, Deceased, appeals the trial court's order granting a partial summary judgment against her in the wrongful death action against Anne L. Snider ("Snider"). We affirm.

### Issue

Flock raises one issue on appeal which we restate as whether, under the wrongful death statute, the exclusive beneficiary may waive her right to recover damages prior to trial.

### Facts

The facts most favorable to the nonmovant, Snider, reveal that Henry Hughes ("Hughes") died as a result of an automobile accident which occurred on March 8, 1996, at the intersection of State Road 135 and Landmark Avenue in Corydon, Indiana. (R. 6–7). Hughes was the passenger and his stepdaughter, Snider, was driving. (R. 6–7).

Flock is the Executrix of the Estate of Henry G. Hughes. (R. 6). She filed a Complaint for Wrongful Death against Snider on September 30, 1996. (R. 6). Flock's complaint sought damages under Indiana's Wrongful Death Statute.[1] Leora Hughes ("Leora") is the dependent widow of Hughes and the mother of Snider. (R. 28).

Leora signed an affidavit on February 3, 1997, that stated her desire to waive her right to any benefits available to her under the Indiana Wrongful Death Statute. (R. 29). In the affidavit she also expressed her wish that Flock dismiss the lawsuit concerning Leora's interests. (R. 29). This affidavit was presented in support of the Motion for Partial Summary Judgment filed by Snider on March 20, 1997. (R. 15).

The court granted Snider's Motion for Partial Summary Judgment, thereby precluding Flock from recovering damages otherwise available under the Indiana Wrongful Death Statute. Therefore, the order of the court limited the recoverable damages to (1) reasonable medical and hospital expenses of the Decedent, (2) funeral and burial expenses incurred, (3) necessary and reasonable expenses of administering the Hughes' Estate and prosecuting or compromising this action, including reasonable attorney fees. (R. 46–47).

### Discussion and Decision

#### Standard of Review

This Court applies the same standard as the trial court when reviewing a grant of partial summary judgment. *Grant County Com'rs v. Cotton,* 677 N.E.2d 1103, 1104 (Ind. Ct.App.1997), *trans denied.* All evidence is construed in the light most favorable to the nonmovant. Ind.Trial Rule 56(C). Although summary judgments are presumed valid, "[t]he reviewing court must provide careful scrutiny of the trial court's determination to assure that the nonprevailing party is not improperly denied his day in court." *Hemingway v. Sandoe,* 676 N.E.2d 368, 369 (Ind. Ct.App.1997). The burden of persuasion rests with the appellant. *Id.*

"Summary judgment is proper when the designated pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and the movant is entitled to a judgment

1. Ind.Code § 34–1–1–2.

as a matter of law." *City of Vincennes v. Reuhl,* 672 N.E.2d 495, 497 (Ind.Ct.App. 1996). Where the facts are undisputed, the grant or denial of summary judgment hinges on whether the trial court appropriately applied the law. *In re Zohrab K. Tazian v. Cline,* 673 N.E.2d 485, 488 (Ind.Ct.App.1996).

### Waiver

■ Flock maintains that the trial court's decision granting partial summary judgment in favor of Snider was erroneous because Leora's affidavit relinquishing her rights under IND.CODE § 34–1–1–2 was not a valid waiver. Flock asserts that although the facts are undisputed,[2] the trial court misapplied the law in its determination of the measure of damages to which Flock, as the Executrix of Hughes' Estate, may be entitled to recover. Specifically, Flock claims that Leora's waiver is premature and therefore ineffective in precluding Flock from recovering all damages provided by the Wrongful Death Statute. In relevant part, the statute provides:

> When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and the lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expenses shall inure to the exclusive benefit of the decedent's estate for the payment thereof. *The remainder of damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow* ... and to the dependent children, if any, or dependent next of kin.... [A]nd when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees.

IND. CODE § 34–1–1–2 (emphasis added).

■ The statute authorizes only the personal representative of the decedent to commence a wrongful death action. *Rogers v. Grunden,* 589 N.E.2d 248, 258 (Ind.Ct.App. 1992). Although Flock, as Hughes' personal representative, is authorized to maintain a wrongful death action, she does so only as a trustee for the statutory beneficiaries. *See Thomas v. Eads,* 400 N.E.2d 778, 782 (Ind. Ct.App.1980).

Consequently, we conclude that Leora, the sole beneficiary under the statute, has the authority to waive her claim to any damages recoverable under the Indiana Wrongful Death Statute. Leora clearly waived her claim to these damages and expressed her desire for Flock to dismiss any lawsuit concerning her claim. Despite this affidavit, Flock maintained the action to recover the damages as the administrator of the estate.

■ Although Flock has standing on behalf of the estate to seek such damages, in this instance, she lacks the factual basis to prosecute such a claim. "Pecuniary loss is the foundation of a wrongful death action, and damages are limited to pecuniary loss suffered by those for whose benefit the action may be maintained." *Estate of Sullivan v. United States,* 777 F.Supp. 695, 701 (N.D.Ind.1991). Because Leora relinquished her claim under the wrongful death statute, Flock no longer has a basis upon which to bring an action to recover damages on Leora's behalf.

The trial court appropriately applied the law to the undisputed fact that Leora signed an affidavit expressing her desire to waive any benefits to which she was entitled. When a widow waives her rights under the Indiana Wrongful Death Statute, and there

---

**2.** Flock suggests that Leora had a lack of understanding or experienced vulnerability at the time she signed the affidavit because the document was referred to as a "Release of All Claims" in the notary clause on the affidavit. Flock has not presented any designated evidence in support of this assertion.

are no dependent children or dependent next of kin surviving the decedent, summary judgment is appropriate. Accordingly, Snider is entitled to a partial summary judgment as a matter of law.

Affirmed.

SHARPNACK, C.J., and GARRARD, J., concur.