**Kristin S. HILL, Appellant–Defendant,**

v.

**EBBETS PARTNERS LTD., Assignee of MBNA, Appellee–Plaintiff.**

No. 29A02–0305–CV–424.

Court of Appeals of Indiana.

Aug. 3, 2004.

Kristin S. Hill, Appellant pro se.

Nicholas K. Rohner, Weltman, Weinberg & Reis, Cincinnati, OH; Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Kristin Hill appeals the trial court's entry of summary judgment in favor of appellee-plaintiff Ebbets Partners, Ltd. (Ebbets) in its action against her for breach of contract. Specifically, Hill raises three issues, which we restate as: whether the trial court properly asserted personal jurisdiction over Hill, whether Ebbets violated the Fair Debt Collection Practices Act, and whether the trial court properly granted summary judgment to Ebbets. Finding no error, we affirm.

### FACTS

In 1992, Hill entered into a credit card agreement with MBNA. MBNA subsequently assigned Hill's delinquent credit card account to Ebbets. On February 19, 2002, Ebbets filed suit against Hill based on her default under the terms of the agreement. Specifically, Ebbets alleged that she had failed to make required monthly payments and owed a principal amount of $12,690.71, and accrued interest of $6,522.28.

On February 25, 2002, the Hamilton County Sheriff attempted to issue a summons to Hill at her last known address, but was unable to do so because she had moved. On June 11, 2002, an alias summons was issued for Hill, and the next day the Sheriff took it to Hill's place of employment, leaving it with the manager. On August 15, 2002, Hill filed a response to the complaint. In her response, she disputed that she owed the debt and claimed that she had previously sent Ebbets's counsel a letter disputing the debt and

requesting verification. She further asserted that this request had not been complied with. On October 22, 2002, Ebbets sent a letter along with copies of account statements to Hill in response to her verification request.

On October 24, 2002, Ebbets filed a motion for summary judgment, alleging that there was no genuine issue of material fact as to whether Hill owed Ebbets the debt. In response, Hill filed an objection to summary judgment on January 6, 2003, that largely raised facts and issues pertaining to an entirely separate case to which Hill is a party. On January 17, 2003, the trial court held a hearing on the motion, and ten days later granted Ebbets's motion for summary judgment, finding that Hill had not raised any genuine issues of material fact in response to the motion for summary judgment. Hill now appeals.

### DISCUSSION AND DECISION

#### I. Personal Jurisdiction

■ Hill first contends that the trial court could not assert personal jurisdiction over her. Specifically, she argues that the summons was not served properly, making the judgment against her void. We employ a de novo standard when reviewing questions of whether personal jurisdiction exists. *Anthem Ins. Cos. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1237 (Ind. 2000).

■ Indiana Trial Rule 12 states in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:

(2) Lack of jurisdiction over the person,

. . .

(H) Waiver or preservation of certain defenses.

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, or the same action pending in another state court of this state is waived to the extent constitutionally permissible:

(a) if omitted from a motion in the circumstances described in subdivision (G),

(b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

The rule effectively requires that a party desiring to assert the defense of lack of personal jurisdiction must do so in either the answer or in a separate motion filed before the answer. *See Clay v. Wright*, 629 N.E.2d 857, 859 n. 4 (Ind.Ct.App.1994). A party who voluntarily appears and answers a complaint may not question whether or not the court has personal jurisdiction over him. *Id.*

 Here, Hill did not assert the defense of lack of personal jurisdiction in her response. Appellant's App. p. 11–13. Nor did she raise this defense in a separate motion. Although service of process may not have been properly effectuated initially, Hill nevertheless appeared at the trial court and filed a response to Ebbets's claim. Inasmuch as she did not bring any jurisdictional challenge before this appeal, she has waived the right to raise this issue.

## II. Fair Debt Collection Practices Act

Hill next argues that Ebbets violated 15 U.S.C. § 1692g(b), the Fair Debt Collection Act. Specifically, she contends that Ebbets failed to cease collection of the debt by obtaining a judgment against her after she had notified Ebbets in writing that she was disputing the debt but before Ebbets mailed verification of the debt to her.

 The interpretation of a statute is a question of law reserved for the courts. *Spears v. Brennan*, 745 N.E.2d 862, 869 (Ind.Ct.App.2001). Appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Id.* However, we also note that a party may not raise an issue on appeal that was not raised in the trial court. *Lusk v. Swanson*, 753 N.E.2d 748, 753 n. 6 (Ind.Ct.App.2001), *trans. denied.* The crucial factor in determining whether a party has injected a new issue on appeal is whether the party's adversary had unequivocal notice of the issue and an opportunity to defend against it. *Fortmeyer v. Summit Bank*, 565 N.E.2d 1118, 1121 (Ind.Ct.App.1991). 15 U.S.C. § 1692g(b) states:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

 Here, Hill contends that she raised this issue before the trial court, but she directs us only to her response to the

complaint in support of her claim. While Hill did state in her response that she disputed the claim, had requested a copy of the transactions, and Ebbets had failed to respond, she did not cite to the Fair Debt Collection Practices Act as the reason for these contentions. Nor does it appear from our perusal of the record that she made this argument before the trial court. Thus, we find that she has waived this issue for appeal.

 Having said that, we wish to note our disagreement with Ebbets's argument that the Fair Debt Collection Practices Act could not apply to them because they are the "creditor" rather than the "debt collector." While Ebbets may not have been the debt collector, "[a]n agent who commits a tortious act is equally liable with the principal." *Tolliver v. Mathas,* 538 N.E.2d 971, 976 (Ind.Ct.App.1989). Thus, if a debt collector, acting at the behest of a creditor, violates the Fair Debt Collection Practices Act, the debtor may have a cause of action against the creditor in the State of Indiana. Thus, we caution Ebbets and all creditors to take all necessary steps to ensure that their debt collectors are following the mandates of federal law.

### III. Summary Judgment

Finally, Hill avers that the trial court should not have granted summary judgment to Ebbets. Specifically, she argues that, as a known incompetent, summary judgment could not be granted without first appointing her counsel.

When reviewing the grant or denial of a motion for summary judgment, we use the same standard as the trial court. *Bastin v. First Indiana Bank,* 694 N.E.2d 740, 743 (Ind.Ct.App.1998), *trans. denied.* Summary judgment is appropriate only if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law. *Hemingway v. Sandoe,* 676 N.E.2d 368, 369 (Ind.Ct. App.1997). We will construe the designated evidence liberally in the light most favorable to the non-moving party. *Id.* We will affirm summary judgment if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Inlow v. Inlow,* 797 N.E.2d 810, 818 (Ind.Ct.App.2003).

 Hill bases her contention that she is a known incompetent on the fact that the trial court in her unrelated dissolution proceedings appointed a guardian ad litem for her "for the limited purpose of assisting [Hill] in this dissolution proceeding." Appellant's App. p. 64. The dissolution court found that Hill "exhibited unstable and erratic behavior and it appears to the Court that [Hill] is unable to effectively participate in these proceedings without assistance." *Id.* However, there is no evidence that the dissolution court ever declared her to be incompetent. Moreover, as soon as Hill obtained legal counsel in the dissolution proceedings, the guardian ad litem was released. Appellant's App. p. 66–67. Thus, Hill has shown no basis for reversal on this issue.

### CONCLUSION

In light of the above disposition, we find that Hill has waived appellate review of the personal jurisdiction and the Fair Debt Collection Act issues. Furthermore, we find that summary judgment need not be reversed because Hill was not a known incompetent.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.