Gretta SHARP, Appellant–Plaintiff,

v.

TOM WOOD EAST, INC.,
Appellee–Defendant.

No. 49A02–0404–CV–354.

Court of Appeals of Indiana.

Dec. 6, 2004.

Publication Ordered Feb. 8, 2005.

Scott M. Cohen, John D. Barker, Krohn & Moss, Ltd., Chicago, IL, Attorneys for Appellant.

William N. Ivers, David I. Rubin, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff Gretta Sharp appeals the trial court's grant of summary judgment in favor of appellee-defendant Tom Wood East, Inc. (Tom Wood). Specifically, Sharp asserts that the trial court erred in granting summary judgment because genuine issues of material fact existed as to whether the vehicle she purchased from Tom Wood was merchantable when accepted and whether she was damaged as a result of the alleged unmerchantability. Finding no error, we affirm.

### FACTS

On March 8, 2002, Sharp purchased a used 1998 Oldsmobile Cutlass with 64,669 miles from Tom Wood for a total of $10,276.50. The warranty information section of the buyer's order signed by Sharp stated that the vehicle was sold "AS IS, WHERE IS" and that "THERE ARE NO WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, SPECIFICALLY NO IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND NO OBLIGATIONS OR LIABILITY ON THE PART OF THE DEALER." Appellant's App. p. 25. At the time Sharp purchased the vehicle, she also purchased a 24 month or 24,000 mile extended service contract

that covered the vehicle against defects in factory supplied material or workmanship.

On April 11, 2002, after driving the vehicle 2,294 miles, Sharp brought the vehicle to Tom Wood for repairs. Tom Wood's mechanics replaced the head gasket and adjusted the engine's ignition timing at no charge. On August 19, 2002, after driving the vehicle a total of 13,117 miles, the vehicle's alternator failed and was replaced pursuant to the extended service contract. On October 7, 2002, after driving the vehicle more than 15,000 miles in seven months, the vehicle's engine failed and was replaced pursuant to the extended service contract.

On October 29, 2002, Sharp wrote a letter to Tom Wood, revoking acceptance of the vehicle. Tom Wood refused Sharp's revocation, and Sharp filed a complaint alleging that Tom Wood had breached an implied warranty of merchantability and requesting revocation of her acceptance pursuant to 15 U.S.C. § 2301, et seq., the Magnuson–Moss Warranty Act, on November 21, 2002. Sharp continued to drive the vehicle, and in early April 2003, she was in an accident that totaled the vehicle, and an insurance company paid Sharp $7,473 for her loss. At the time of the collision, the vehicle had been driven approximately 87,000 miles. On April 24, 2003, Sharp voluntarily dismissed her claim for revocation of acceptance, due to the accident.

On July 2, 2003, Tom Wood filed a motion for summary judgment, arguing that the vehicle was merchantable and fit for its ordinary purpose. The trial court summarily granted the motion on January 26, 2004, and Sharp now appeals.[1]

### DISCUSSION AND DECISION

Sharp avers that the trial court erred in granting summary judgment to Tom Wood. Specifically, Sharp contends that there were material issues of fact as to whether the vehicle was merchantable at the time of acceptance and as to whether she was damaged as a result of the allegedly unmerchantable condition of the vehicle.

In addressing Sharp's claim, we first note that when reviewing the grant or denial of a motion for summary judgment, we use the same standard as the trial court. *Bastin v. First Indiana Bank,* 694 N.E.2d 740, 743 (Ind.Ct.App.1998), *trans. denied.* Summary judgment is appropriate only if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Hemingway v. Sandoe,* 676 N.E.2d 368, 369 (Ind.Ct.App.1997). We will construe the designated evidence liberally in the light most favorable to the non-moving party. *Id.* We will affirm summary judgment if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Inlow v. Inlow,* 797 N.E.2d 810, 818 (Ind.Ct.App.2003).

■ To be merchantable, goods must be "fit for the ordinary purpose for which such goods are used." Ind.Code § 26–1–

---

1. On July 16, 2004, Tom Wood filed its Motion to Dismiss Appeal with Prejudice, alleging that Sharp had forfeited her right to appeal because her Notice of Appeal was not timely filed. A panel of this court denied Tom Wood's petition, finding that the trial court did not provide Sharp with notice of its January 26, 2004 ruling. Thus, the time to file the Notice of Appeal began to run for Sharp on February 20, 2004, when she received actual notice of the ruling. Tom Wood spent a significant portion of its Appellee's Brief again arguing that Sharp's appeal should be dismissed because her Notice of Appeal was not timely filed. However, because we agree with the reasoning provided by the other panel of this court, we will not revisit its ruling.

2–314(2)(c). Merchantable goods conform to "ordinary standards of care and ... are of average grade, quality, and value of similar goods sold under similar conditions." *Woodruff v. Clark County Farm Bureau Coop. Ass'n, Inc.*, 153 Ind.App. 31, 42, 286 N.E.2d 188, 194 (1972).

■ It is apparent that Sharp anticipated that mechanical problems could arise when she purchased the used vehicle at issue here because she also bought the extended service contract. The average distance a car is driven in central Indiana is 12,000 miles per year or 1,000 miles per month. Appellant's App. p. 26. Sharp drove the vehicle 2,294 miles in the first month that she owned it before a problem arose. *Id.* Tom Wood repaired the vehicle pursuant to the extended service agreement. Four months later, after Sharp had driven the vehicle another 10,823 miles, a different problem occurred with the vehicle, which Tom Wood again repaired at no cost to Sharp. *Id.* Finally, Tom Wood replaced the engine of the vehicle pursuant to the service agreement after Sharp had driven it more than 15,000 miles in seven months. *Id.* The designated evidence shows that Tom Wood completed each of these repairs in a timely and effective manner, inasmuch as the same problems did not recur, and Sharp encountered no further problems with the vehicle until she wrecked it after driving another 7,000 miles. *Id.*

The ordinary purpose of a privately owned vehicle is to provide transportation. Sharp purchased a vehicle that had already been driven 64,669 miles, and it provided her with transportation for the more than 22,000 miles that she drove over a span of thirteen months. Appellant's App. p. 25–27. While repairs to the vehicle were necessary, there is no indication in the record that the vehicle did not fulfill its ordinary purpose of providing transpor-

tation. Thus, we agree with the trial court's determination that there was no genuine issue of material fact as to whether the vehicle Sharp purchased from Tom Wood was merchantable.

Because the vehicle was merchantable, it follows that there could not be a genuine issue of material fact as to whether Sharp was damaged by the unmerchantable condition of the vehicle. Moreover, Sharp was compensated in the amount of $7,473 by an insurance company for the loss of her vehicle. *Id.* at 27. Sharp even admitted that she would have valued the vehicle at $6,000 at the time of the sale rather than the $10,276.50 that she paid for it. Appellant's App. p. 8. Thus, Sharp has already been compensated more for the vehicle than her estimation of its worth. In light of the above, we find that the trial court did not err in granting summary judgment in favor of Tom Wood.

The judgment of the trial court is affirmed.

SHARPNACK, J., and FRIEDLANDER, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this case in December 6, 2004, marked Memorandum Decision, Not for Publication.

Comes now the Appellee, by counsel, and files herein its Verified Motion to Publish Memorandum Decision, alleging that said decision meets the criteria for publication because it clarifies a rule of law in that the Court addressed the issue if merchantability of a used automobile and this Court's explication of the standard for merchantability of a used automobile is most helpful guidance for the bench and bar in an area with limited Indiana decisional authority.

The Court having examined said Motion to Publish, having reviewed its opinion in this case and being duly advised, now finds that said Motion to Publish Memorandum Decision should be granted.

IT IS THEREFORE ORDERED as follows:

1. The Appellee's Verified Motion to Publish Memorandum Decision is GRANTED. This Court's opinion heretofore handed down in this cause on December 6, 2004, marked Memorandum Decision, Not for Publication, is now ordered PUBLISHED.

All Panel Judges Concur.