**In the Matter of the GUARDIANSHIP OF Sarah BRAMBLETT, Minor Child.**

**Brett LUCAS and Nina Lucas, Appellants (Petitioners Below),**

v.

**GRANT COUNTY DEPARTMENT OF PUBLIC WELFARE and Jenny Bramblett, Mother, Appellees (Respondents Below).**

No. 2-585A162.

Court of Appeals of Indiana, Second District.

July 30, 1986.

P. Robert Dawalt, Jr., Marion, for appellants.

Warren Haas, Marion, for appellees.

SHIELDS, Judge.

Brett and Nena Lucas filed a petition seeking their appointment as guardians of their niece, Sarah Lynn Bramblett, a minor. The Lucases appeal the trial court's dismissal of their petition pursuant to the motion of the Grant County Department of Public Welfare.

We affirm.

The undisputed and dispositive facts are that prior to this petition Sarah was adjudicated a child in need of services in Cause No. SJ84–120 in the Grant County Juvenile Court and was made a ward of the Grant County Department of Public Welfare.

Once Sarah was adjudicated a child in need of services in a juvenile proceeding the juvenile court had jurisdiction to enter a dispositional decree "[a]ward[ing] wardship to any person or shelter care facility...." Ind.Code Ann. § 31–6–4–15.4(4) (Burns Supp.1986). It exercised that jurisdiction in awarding wardship to the Grant County Department of Public Welfare. Further, the jurisdiction acquired over Sarah by the juvenile court is exclusive. Ind. Code Ann. § 31–6–2–1(a) provides "A juvenile court has exclusive original jurisdiction ... in ... [p]roceedings in which a child, including child of divorced parents, is alleged to be a child in need of services."

Finally, pursuant to I.C. § 31–6–2–3(a), the juvenile court retains that exclusive jurisdiction until the child in need of services reaches his twenty-first birthday "unless the court discharges the child and his parent, guardian, or custodian at an earlier time." Therefore, no other Indiana court has jurisdiction to entertain any proceeding which in any way conflicts with the exclusive jurisdiction vested in the juvenile court by the commencement of a CHIN proceeding.

The Lucases' petition seeking their appointment as guardians unquestionably conflicts with the jurisdiction vested in the Grant County Juvenile Court by the commencement of the CHIN action and which it exercised when it made Sarah a ward of the Grant County Department of Public Welfare. Consequently, the trial court properly dismissed their petition on the grounds:

> "That the Grant Superior Court II, Juvenile Division, has exclusive jurisdiction over the child Sarah Bramblett and this Court has no jurisdiction over said child or this action to entertain a guardianship petition which could have the effect of superseding the action taken and the order issued by the Grant Superior Court II, Juvenile Division."

Record at 28.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.