504 N.E.2d 1042 (1987)
P.B., Respondent-Appellant,
v.
T.D., Petitioner-Appellee.
No. 3-785 A 197.
Court of Appeals of Indiana, Third District.
March 16, 1987.
Rehearing Denied May 18, 1987.
John R. Frechette, Elkhart, for respondent-appellant.
Edward J. Chester, Chester & Chester, Elkhart, for petitioner-appellee.
HOFFMAN, Judge.
Respondent-appellant P.B. appeals an adverse trial court judgment in favor of petitioner-appellee T.D., changing custody of the couple's two minor children to T.D.
The evidence relevant to this appeal discloses that in a dissolution proceeding between the parties in 1979, the Elkhart Superior Court granted custody of the couple's children to P.B. In 1981 P.B. married J.B. In September 1984, J.B. reported an incident to the Elkhart police wherein she observed P.B. fondling his eight-year-old daughter, H.B.H.B. was adjudicated a child in need of services in the Elkhart Circuit Court  Juvenile Division in October 1984. H.B. was made a ward of the Department of Public Welfare and was ordered to remain in the home of her stepmother.
*1043 Several days after the Juvenile Court's determination, T.D., the natural mother of H.B., petitioned the Elkhart Superior Court for a change in custody. P.B. filed a motion to dismiss alleging lack of jurisdiction by the Superior Court. Although the Juvenile Court continued to issue orders until at least April 24, 1985, the Elkhart Superior Court denied the motion to dismiss. The Superior Court stated that the Juvenile Court Referee had agreed that the Superior Court was a more proper forum to determine the child custody matters. The record does not contain an order transferring the cause to the Superior Court. Further, the record does not reflect a ruling by the Juvenile Court on a motion for transfer made by T.D.
After a trial in May 1985, the Superior Court changed custody of the children to T.D.P.B. challenges this decision on appeal. The issue dispositive on review is whether the Elkhart Superior Court could acquire jurisdiction or had continuing jurisdiction of the custody matters once the CHINS proceeding was instituted in the Juvenile Court.
A recent decision by this Court addressed the issue. In Guardianship of Bramblett v. Grant County Dept. of Public Welfare (1986), Ind. App., 495 N.E.2d 798, 798-799, this Court determined:
"[o]nce Sarah was adjudicated a child in need of services in a juvenile proceeding the juvenile court had jurisdiction to enter a dispositional decree `[a]ward[ing] wardship to any person or shelter care facility... .' Ind. Code Ann. § 31-6-4-15.4(4) (Burns Supp. 1986). It exercised that jurisdiction in awarding wardship to the Grant County Department of Public Welfare. Further, the jurisdiction acquired over Sarah by the juvenile court is exclusive. Ind. Code Ann. § 31-6-2-1(a) provides `A juvenile court has exclusive original jurisdiction ... in ... [p]roceedings in which a child, including child of divorced parents, is alleged to be a child in need of services.' Finally, pursuant to I.C. § 31-6-2-3(a), the juvenile court retains that exclusive jurisdiction until the child in need of services reaches his twenty-first birthday `unless the court discharges the child and his parent, guardian, or custodian at an earlier time.' Therefore, no other Indiana court has jurisdiction to entertain any proceeding which in any way conflicts with the exclusive jurisdiction vested in the juvenile court by the commencement of a CHIN proceeding."
In the present case the record does not reveal that the Juvenile Court ever discharged the parties to the CHINS proceeding. Because the Elkhart Superior Court enjoys the same jurisdiction as the Elkhart Circuit Court, pursuant to IND. CODE § 33-5-13.1-3 (1983 Supp.), the Superior Court may have acquired jurisdiction had the Juvenile Court granted T.D.'s motion for transfer. The absence of either an order discharging the parties or an order transferring the cause dictates the conclusion that the Superior Court did not have jurisdiction over the petition for a change of custody once the CHINS proceeding was initiated.
P.B. also contends that the Superior Court erred in awarding T.D. appellate attorney's fees. Inasmuch as the Superior Court was deprived of jurisdiction over the petition due to the CHINS proceeding, it also did not have jurisdiction to issue an order allowing the attorney's fees on appeal. See, Williams v. Williams (1984), Ind. App., 460 N.E.2d 1226, 1228 (where court lacked jurisdiction over dissolution proceeding, court did not abuse its discretion in denying petition for attorney's fees without a hearing).
Therefore, the judgment of the Elkhart Superior Court is reversed.
Reversed.
GARRARD, P.J., and STATON, J., concur.