*provided by Indiana law.* (Emphasis supplied).

The above section explicitly places a qualification on a Board member's term of office, even though his term is fixed. He may be removed or impeached "as provided by Indiana law." In *Flickinger, supra,* our Supreme Court under similar facts held the predecessor statute to IC 36–4–11–2 authorized the mayor to remove at his pleasure a mayoral appointive officer from the city's water works board, even though the board member had been appointed to a fixed term. The court determined the intent of the legislature as expressed by this statute was to place the responsibility of appointment and discharge of all mayoral appointees directly upon the mayor, at his pleasure and discretion, so as to make these appointees directly responsible to him. The statute requiring discharge of board members only for cause and upon approval by the PSCI was impliedly repealed by passage of that "removal at pleasure" statute. *Flickinger,* 7 N.E.2d at 195.

■ We believe the intent of the legislature regarding the removal of mayoral appointive officers has not been changed since the inclusion of the "at pleasure" provision in the 1905 Cities and Towns Act. Similar provisions have been included in all subsequent amendments to that statute, including IC 36–4–11–2. It provides for removal of all officers appointed by the mayor at his discretion.[7] Contrary to the Board's assertions, there is no exception, statutory or otherwise, prohibiting the removal of Utility Service Board members, nor is there any statutory provision they can be removed only for cause after notice and hearing. It is important to recognize what statutes do not say as well as what they do say. When certain words are specified in a statute, then, by implication, other words not specified are excluded. *Common Council, supra,* at 729.

Contrary to the trial court's judgment, Peru Ordinance No. 67 (1982) does authorize removal of Utility Board members "as provided by Indiana law." Our legislature

intended, through IC 36–4–11–2, to place directly upon the mayor the responsibility to appoint and to grant him the correlative authority to discharge his appointees in his discretion. *Accord, Flickinger, supra.* Accordingly, IC 36–4–11–2 was properly utilized by Mayor Haskett to remove mayoral appointees Davidson and Montgomery. The trial court's judgment limiting the application of the clear and unambiguous language of IC 36–4–11–2 was contrary to law.

Reversed and remanded for further proceedings consistent with this opinion.

YOUNG and NEAL, JJ. concur.

**P.B., Respondent-Appellant,**

v.

**T.D., Petitioner-Appellee.**

**No. 3–785A197.**

Court of Appeals of Indiana,
Third District.

May 18, 1987.

---

7. Compare: Acts 1933, ch. 233, sec. 10; Acts 1935, ch. 307, sec. 2; Acts 1945, ch. 32, sec. 1; Acts 1957, ch. 141, sec. 1; IC 18–1–6–2, IC 18–2–1–9; and IC 36–4–11–2. See, also, note 7, *supra.*

John R. Frechette, Elkhart, for appellant.

Edward J. Chester, Chester & Chester, Elkhart, for appellee.

## OPINION ON PETITION FOR REHEARING

HOFFMAN, Judge.

P.B.'s petition for rehearing discloses that his appeal questioned the attorney's fees awarded at trial. In the original opinion, only the award of appellate attorney's fees was discussed. The rehearing is granted and the original opinion as to attorney's fees is now modified in that a more direct ground exists for disposing of the issue of attorney's fees awarded to T.D. for the trial and for the appeal.

The trial court awarded T.D. $4,500.00 in attorney's fees at the trial and another $3,000.00 in attorney's fees for the appeal. In both instances the court stated that the fees were being awarded because T.D. was forced to defend an unmeritorious case. In *Barnett v. Barnett* (1983), Ind.App., 447 N.E.2d 1172, 1175–1176, this Court found that a trial court abused its discretion in awarding appellate attorney's fees solely on the basis that an appeal was malicious. Notwithstanding IND.CODE § 31–1–11.5–16 (1984 Supp.) which allows an award of attorney's fees at any stage in dissolution proceedings, there is no authority for allowing the fees because the trial court determines that a cause or an appeal lacks merit. *Barnett, supra.* The statute allowing the award of attorney's fees is in place to insure equal access to the courts, no matter the relative financial conditions of the parties. *Barnett, supra,* 447 N.E.2d at 1176.

In the present case the evidence revealed fairly equal financial conditions by each party. However, T.D. earned a slightly higher weekly salary than P.B. Further, T.D. had fewer debts than did P.B. While the trial court acknowledged that P.B. may not be in the "greatest of financial conditions," the court stated that even if the appeal had merit T.D. could recover appellate attorney's fees. The court elaborated that if P.B. was in the financial position to generate an appeal, that there was an attendant risk of paying a portion of T.D.'s fees. Thus, it does not appear that the trial court's award of attorney's fees was based upon the financial conditions of the parties.

Accordingly, the trial court's award of both trial and appellate attorney's fees must be reversed. T.D.'s petition for rehearing is denied.

GARRARD, P.J., and STATON, J., concur.

**Marcus Allen TAM, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 71A03–8612–CR–350.**

Court of Appeals of Indiana, Third District.

May 20, 1987.