Charlie WHITE, Appellant–Plaintiff,

v.

**PORTER COUNTY TREASURER, Appellee–Defendant.**

No. 64A05–9510–CV–398.

Court of Appeals of Indiana.

Oct. 21, 1996.

Clark W. Holesinger, Portage, for Appellant.

## OPINION

SHARPNACK, Chief Judge.

Charlie White appeals the trial court's judgment in favor of the plaintiff-appellee, the Treasurer of Porter County. The Treasurer is seeking to recover unpaid personal property taxes. White raises two issues for our review, which we consolidate and restate as whether the trial court erred in restricting his challenge to the assessment of his property. We affirm.

The facts most favorable to the judgment follow. Since 1985, White has operated a trucking business in Portage, Indiana. In connection with the business, White owns several trucks which are registered with the Bureau of Motor Vehicles ("BMV"). However, White failed to pay the property tax due

on these vehicles in 1986 and again in 1988 through 1991.

On March 21, 1994, the Treasurer filed a complaint to recover the unpaid taxes from White. After conducting a bench trial, the court entered a judgment in favor of the Treasurer on April 13, 1995. In its judgment, the trial court determined that White owed the Treasurer $7,580.39 in back taxes. In addition, the trial court awarded the Treasurer a collection fee of $758.04 and attorney's fees in the amount of $2,526.80. On May 11, 1995, White filed a motion to correct errors, alleging that the trial court erred by restricting him from challenging the assessment of his property. The trial court later denied this motion.

■ At the outset, we must consider the Treasurer's failure to submit an appellee's brief. In such a situation, the reviewing court does not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *Fisher v. Board of Sch. Trustees,* 514 N.E.2d 626, 628 (Ind.Ct.App.1986). *Prima facie,* in this context, is defined as "at first sight, on first appearance, or on the face of it." *Johnson County Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App. 1985). Where an appellant is unable to meet such a burden, we will affirm. *Blair v. Emmert,* 495 N.E.2d 769, 771 (Ind.Ct.App.1986), *reh'g denied, trans. denied.*

■ The sole issue for our review is whether the trial court properly restricted White's challenge to the assessment of his property. White argues that the trial court erred by not permitting him "to present evidence as to the value of the property in question" or "to challenge the assessments on said property at issue." Appellant's brief, p. 4.

In Indiana, the personal property tax structure is a self assessment system which relies primarily upon full disclosure and accurate reporting by the taxpayer. *Dav–Con, Inc. v. State Bd. of Tax Comm'rs,* 644 N.E.2d 192, 195 (Ind.Tax 1994); *Paul Heuring Mo-*

*tors v. State Bd. of Tax Comm'rs*, 620 N.E.2d 39, 41 (Ind.Tax 1993). Pursuant to Ind.Code § 6–1.1–3–9, "In completing a personal property return for a year, a taxpayer shall make a complete disclosure of all information, required by the state board of tax commissioners, that is related to the value, nature, or location of personal property...." I.C. § 6–1.1–3–9. The taxpayer has the responsibility to report such property for assessment and taxation on his personal property tax form. 50 Ind. Administrative Code § 4.2–2–5.

■ The failure to file the required tax form permits county officials to estimate the value of the property and, based upon this estimate, assess tax against the property owner. *Kimco Leasing, Inc. v. State Bd. of Tax Comm'rs*, 656 N.E.2d 1208, 1221 (Ind. Tax 1995). Pursuant to I.C. § 6–1.1–3–15, when a taxpayer fails to file the tax form:

> "[T]he township assessor may estimate the value of the personal property of the taxpayer and shall assess the person owning, holding, possessing, or controlling the property in an amount based upon an estimate. Upon receiving the notification of estimated value from the township assessor, the taxpayer may elect to file a personal property return, subject to the penalties imposed by [statute]."

I.C. § 6–1.1–3–15.

If the taxpayer disputes the assessment by the township assessor, the taxpayer may appeal as follows:

> "(b) Appeal to county board of review:
>
> (1) The taxpayer may appeal to the county board of review by filing a Form 130 petition for review of assessment with the county auditor in the county where the property was assessed within thirty (30) days from the mailing date of the written notice of assessment by the assessor.
>
> \* \* \*
>
> (2) The county board of review will provide a written notice of hearing on Form 114 to the taxpayer and the township assessor advising them of the date on which such petition will be heard. After the hearing has been conducted, the county board of review shall give the petitioner and township assessor notice, by mail, of its final determination on Form 115. The county board of review must indicate agreement or disagreement with each item that is indicated on the petition submitted under subdivision (1).
>
> \* \* \*
>
> (c) Appeal to the state board. If the taxpayer or assessor does not agree with an assessment as determined by the county board of review, a petition for review of assessment on Form 131 must be filed with the county auditor of the respective county requesting a review by the state board.
>
> \* \* \*
>
> (d) Review of assessment and hearing by the state board. Upon receipt of the petition described in this subsection, the state board shall, at its earliest opportunity, schedule a hearing and assess the property in question. Such a hearing shall result in a complete review and determination of the petitioner's entire personal property assessment."

50 IAC § 4.2–3–3.

After the personal property has been assessed and any appeal has been resolved, the taxes must be paid within the following year. If the taxpayer fails to make the required payment, the county treasurer may file a complaint to recover the unpaid property taxes pursuant to I.C. § 6–1.1–22–10. This statute provides in part:

> "(a) A person who is liable for property taxes ... is personally liable for the taxes and all penalties, costs, and collection expenses, including reasonable attorney's fees and court costs, resulting from late payment of the taxes.
>
> (b) A person's liability under this section may be enforced by any legal remedy, including a civil lawsuit instituted by a county treasurer ... to collect delinquent taxes. One (1) action may be initiated to collect all taxes, penalties, costs, and collection expenses levied against a person in the same county for one (1) or more years."

I.C. § 6–1.1–22–10.

Turning to the present case, the record reveals that starting in 1985, White had reg-

istered five trucks with the BMV. However, White did not file a tax form disclosing that he owned personal property subject to assessment and taxation. Thereafter, the township assessor sent White a notice of assessment which valued the trucks at $35,000. In addition, the notice stated that:

> "If you do not agree with the action of the assessing officer giving this notice, the County Board of Review will review that action if you file a petition with the county auditor of the county in which the assessing officer is acting within thirty (30) days of the mailing of this notice."

Record, p. 69. White did not appeal the assessment of his property and failed to pay the personal property tax the following year.

From 1987 to 1989, White again failed to file the requisite return forms, and as a result, the township assessor sent him yearly notices which indicated the various values assigned to his trucks. Again, White did not challenge any of these assessments and failed to pay the required property taxes.

On March 21, 1994, the Treasurer filed an action to recover these unpaid property taxes. On April 13, 1995, the trial court conducted a bench trial during which the Treasurer presented evidence that White had not paid his taxes. During the presentation of the defense, White testified on his own behalf that the assessments for his vehicles were inaccurate. Thereafter, the Treasurer objected to this testimony on the basis that White was barred from challenging the assessments at trial. In response, defense counsel argued, "White has the right to present an amended tax return. At this time, it is our position that that is what we are doing, is through his testimony amending those claims." Record, p. 117. The trial court sustained the Treasurer's objection and restricted White from challenging the assessments.

■ We find no error in the trial court's decision. While a taxpayer has the right to challenge his property's value, he must also bear the responsibilities attached to that right. *Williams Indus. v. State Bd. of Tax Comm'rs,* 648 N.E.2d 713, 718 (Ind.Tax 1995). Because the legislature has created specific appeal procedures for challenging as-

sessments, the taxpayer must comply with the statutory requirements for filing the proper petitions within a timely manner. *Id.; Reams v. State Bd. of Tax Comm'rs,* 620 N.E.2d 758, 760–761 (Ind.Tax 1993).

As previously discussed, the proper procedure for appealing an assessment is set out in 50 IAC § 4.2–3–3. To challenge the assessment of his vehicles, White should have filed the Form 130 petition with the county board of review. *See* 50 IAC § 4.2–3–3(b). Because White failed to follow the statutorily prescribed review methods, he was foreclosed from challenging the assessments during his trial. *See Williams Indus.,* 648 N.E.2d at 718. Therefore, we hold that the trial court properly restricted White from challenging the assessments of his property.

For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

HOFFMAN and ROBERTSON, JJ., concur.