**In re the Marriage of Daryl ALEXANDER, Appellant–Respondent,**

v.

**Kimberly D. (Alexander) COLE, Appellee–Petitioner.**

**No. 48A05–9803–CV–163.**

Court of Appeals of Indiana.

July 9, 1998.

David W. Stone, IV, Stone Law Office & Legal Research, Anderson, for Appellant–Respondent.

## OPINION

STATON, Judge.

Daryl Alexander appeals the denial of his motion for relief from an order transferring legal custody of his two minor children to their mother, Kimberly D. (Alexander) Cole. Daryl raises two related issues which we consolidate and restate as: whether the custody modification order is void.

We reverse.

On November 25, 1987, in a dissolution proceeding between the parties, a special judge awarded Daryl custody of the couple's two oldest children and awarded Kimberly custody of their youngest child. Approximately ten years later, on September 25, 1997, Kimberly filed a *pro se* petition seeking legal custody of the two oldest children who had allegedly been living with her since April 21, 1997. On the same day, without notice to Daryl and without an evidentiary hearing, the regular circuit court judge assumed jurisdiction of the case and issued an *ex parte*

order granting custody to Kimberly. Daryl learned of the change of custody that night.

Thereafter, Daryl filed a motion for relief from judgment which the trial court denied. At a subsequent hearing to set child support, Kimberly testified that the children had been placed in her care pursuant to a Children in Need of Services (CHINS) petition. Kimberly placed in evidence a "Petition for Approval of Program of Informal Adjustment" which had been filed in juvenile court on August 12, 1997, some six weeks before the date Kimberly filed her request for modification of custody in the circuit court. Apparently, the trial court had no prior knowledge of the CHINS petition but, nevertheless, declined to vacate its order. Daryl now appeals.

 At the outset we observe that Kimberly has not filed an appellee's brief. In this situation, we do not undertake the burden of developing arguments for the appellee. *White v. Porter County Treasurer*, 671 N.E.2d 1196, 1197 (Ind.Ct.App.1996). Instead we apply a less stringent standard of review with respect to showings of reversible error, and we may reverse the trial court if the appellant can establish *prima facie* error. *Id.* In this context, *prima facie* error is defined as "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App. 1985)).

Here, Daryl contends the trial court erred when it denied his motion for relief for judgment under Ind. Trial Rule 60(B)(6) which provides:

On motion and upon such terms as are just the court may relieve a party . . . from an entry of default, final order or final judgment, including a judgment by default for the following reasons: . . .

(6) the judgment is void[.]

Daryl first argues the modification order is void because the special judge rather than the circuit court judge had jurisdiction over Kimberly's petition. We agree that the special judge had not relinquished his continuing jurisdiction.[1] However, we need not further examine this argument because the record clearly shows a Child in Need of Services (CHINS) proceeding was filed prior to the filing of Kimberly's petition.

 This is significant because the juvenile court has exclusive original jurisdiction in proceedings in which a child, including a child of divorced parents, is alleged to be a child in need of services. IND.CODE § 31–30–1–1 (Supp.1997). The juvenile court retains that jurisdiction until:

(1) the child becomes twenty-one (21) years of age, unless the court discharges the child and the child's parent, guardian, or custodian at an earlier time; or

(2) guardianship of the child is awarded to the department of correction.

IND.CODE § 31–30–2–1 (Supp.1997). Custody determinations are collateral to the juvenile court's jurisdiction. *Hemingway v. Sandoe*, 676 N.E.2d 368, 371 (Ind.Ct.App.1997); *see* IND.CODE § 31–34–20–1 (Supp.1997) (juvenile court has jurisdiction to enter a dispositional decree which, *inter alia*, removes the child from the child's home and places the child in another home). Consequently, in this case, the juvenile court had jurisdiction over custody decisions until that court discharged the parties or transferred the cause. *See P.B. v. T.D.*, 504 N.E.2d 1042 (Ind.Ct.App.1987) (superior court had no continuing jurisdiction of custody matters once a CHINS proceeding was initiated in juvenile court), *modified on rehearing*, 507 N.E.2d 992 (Ind.Ct.App.1987); *Matter of Guardianship of Bramblett*, 495 N.E.2d 798 (Ind.Ct.App.1986).

---

1. Ind. Trial Rule 79(L) provides:

A special judge shall retain jurisdiction of the case through judgment and post-judgment, including without limitation, proceedings to enforce the judgment *or to modify or revoke orders pertaining to custody*, visitation, support, maintenance . . . unless:

(1) a specific statute or rule provides to the contrary; or

(2) the special judge is unavailable by reason of death, sickness, absence, or unwillingness to serve.

(emphasis added). Pursuant to Ind. Trial Rule 79(I), the regular judge may assume jurisdiction of a case when the special judge "ceases to act." The record does not indicate that the special judge had become unavailable under T.R. 79(L) or that he had ceased to act under T.R. 79(I).

We have acknowledged that a judgment may be void for a court's lack of authority to render the particular judgment even though the court may have had jurisdiction over the subject matter and the parties. *Beanblossom v. State*, 637 N.E.2d 1345, 1349 (Ind.Ct.App.1994), *trans. denied.* Here, the trial court was without authority to make a custody determination, and the order purporting to do so is void. Daryl has shown *prima facie* error in this regard.

As a separate ground for reversal, Daryl argues the custody order is void because he was denied his right to notice and an opportunity to present evidence. Without determining whether the failure to give notice rendered the order void pursuant to T.R. 60(B)(6) or merely voidable under T.R. 60(B)(8), we address Daryl's concerns which may arise upon remand.

 An opportunity to be heard is essential before a parent can be deprived of custody. *Jendreas v. Jendreas*, 664 N.E.2d 367, 370 (Ind.Ct.App.1996), *trans. denied.* In addition, the relevant statutes contemplate an evidentiary hearing to determine whether there was a substantial change in at least one of the factors relevant to the children's best interests and whether modification would in fact be in the children's best interests. *Joe v. Lebow*, 670 N.E.2d 9, 22–23 (Ind.Ct.App. 1996); *see* IND.CODE § 31–17–2–21 (Supp. 1997) and IND.CODE § 31–17–2–8 (Supp.1997). Accordingly, an *ex parte* order is an extreme remedy which is intended to be temporary in nature. *Wilcox v. Wilcox*, 635 N.E.2d 1131, 1137 (Ind.Ct.App.1994). In the face of an emergency, the trial court balances the welfare of the children against the custodial parent's right to continued custody. *Id.*

In this case, Kimberly did not show imminent harm justifying an *ex parte* change in legal custody. Under these circumstances, after Kimberly filed her petition for modification, the trial court erred by failing to: (1) set the cause for hearing; (2) give appropriate notice to the parties; and (3) conduct a full hearing on the evidence as to change of custody. *In re Marriage of Henderson*, 453 N.E.2d 310, 313 (Ind.Ct.App. 1983).

We conclude that the September 25, 1997 order transferring legal custody of the children to Kimberly is void due to the court's lack of authority to make a custody determination during the pending CHINS action. We reverse and remand with instructions to vacate the September 25th order and for future proceedings consistent with this opinion.

Reversed.

KIRSCH and MATTINGLY, JJ., concur.