**In re B.W., A Child in Need of Services,**

**J.M. Wehrheim, Appellant–Petitioner,**

**v.**

**F.L. Wehrheim, Appellee–Respondent.**

**No. 49A02–9808–CV–671.**

Court of Appeals of Indiana.

April 22, 1999.

James H. Holder, Jr., Bainbridge, Indiana, Attorney for Appellant.

Thomas D. Perkins, Bowes & Associates, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge

Jamie Wehrheim ("Mother") appeals from the juvenile court's modification of custody order awarding custody of B.W. to Franklin Wehrheim ("Father"). We affirm in part and reverse in part.

### Issues

Mother presents for our review on appeal two issues, which we have consolidated and restated as follows: whether the juvenile court has jurisdiction to decide a post-dissolution petition for modification of child custody concurrently with a child in need of services ("CHINS") adjudication.

### Facts and Procedural History

Mother and Father were divorced in 1994. As part of the agreed Decree of Dissolution, Mother was granted custody of the parties' minor child, B.W. In 1997, Father filed, in the court in which the dissolution had been filed and granted, an Emergency Petition for Custody, alleging that B.W. had been hospitalized with a broken leg and several bruises which were allegedly caused by Mother's boyfriend. On the same day the petition was filed, the dissolution court granted the petition and awarded custody to Father pending a hearing. On October 3, 1997, a petition alleging B.W. to be a child in need of services was filed by the Marion County Office of Family and Children ("MCOFC") with the juvenile court. At the initial hearing on the CHINS petition held that same day, the juvenile court found probable cause to support the allegations contained in the petition, ordered B.W. to be a ward of the MCOFC, and placed B.W. temporarily with Father. On October 15, 1997, the juvenile court ordered that the petition for change of custody filed by Father in the dissolution court be consolidated with the CHINS action pending in the juvenile court. All further proceedings were conducted by the juvenile court.

On October 27, 1997, the juvenile court conducted a disposition hearing at which Mother entered a denial to the allegations of the CHINS petition. However, the juvenile

court proceeded to disposition as to Father, ordering that B.W. continue to be a ward of the MCOFC, and that she remain in the custody of Father, subject to telephone communication and supervised visitation between B.W. and Mother. A fact-finding hearing was scheduled for April 20 and 21, 1998, as to Mother. On March 18, 1998, Father filed a petition for permanent custody of B.W. Mother moved to dismiss, alleging that no proceedings inconsistent with the CHINS proceeding could be entertained by any court, even the juvenile court, until the conclusion of the CHINS proceeding. Mother further alleged that the juvenile court lacked subject matter jurisdiction to modify the custody provisions of a dissolution decree. The juvenile court ordered that the issue of permanent custody of B.W. be set for hearing at the same time as the CHINS fact-finding hearing already scheduled.

Following the fact-finding hearing, the juvenile court entered, in pertinent part, the following dispositional order:

> The Court having heard the statement and considered the file and facts in this matter, now finds the child to be in need of services. The Court finds by [a] preponderance of the evidence by trial that the child is in need of services. The Court grants the petition for modification of custody today awarding Father physical custody of the above named child. M[CO]FC moves to release wardship. The Court grants the motion to release wardship.

R. 100. Mother now appeals.

### Discussion and Decision

Mother contends that the juvenile court's order granting Father's petition for permanent modification of custody is void for two reasons: first, because the initiation of a CHINS proceeding vested exclusive jurisdiction in the juvenile court and precluded any court, including the juvenile court acting in a dual capacity, from deciding post-dissolution matters until the CHINS proceeding was concluded; and second, because the juvenile court did not have subject matter jurisdiction

to hear post-dissolution matters under any circumstances.[1]

Indiana Code section 31–30–1–1 delineates the jurisdiction of juvenile courts:

> A juvenile court has exclusive original jurisdiction ... in the following:
>
> ...
>
> (2) Proceedings in which a child, including a child of divorced parents, is alleged to be a child in need of services under IC 31–34.

Ind.Code § 31–30–1–1(2). Further, Indiana Code section 31–30–2–1 provides for the continuing jurisdiction of juvenile courts:

> [T]he juvenile court's jurisdiction over ... a child in need of services and over the child's parent, guardian, or custodian continues until:
>
> (1) the child becomes twenty-one (21) years of age, unless the court discharges the child and the child's parent, guardian, or custodian at an earlier time....

Ind.Code § 31–30–2–1(a)(1). Finally, Indiana Code section 31–34–20–1 provides for the following dispositional decrees in a CHINS proceeding:

> If a child is a child in need of services, the juvenile court may enter one (1) or more of the following dispositional decrees:
>
> ...
>
> (3) Remove the child from the child's home and place the child in another home or shelter care facility. Placement under this subdivision includes authorization to control and discipline the child.
>
> (4) Award wardship to a person or shelter care facility.

Ind.Code § 31–34–20–1(3) and (4).

▪ General jurisdiction over child custody matters rests with the court in which jurisdiction is vested for dissolution matters. *Hemingway v. Sandoe*, 676 N.E.2d 368, 372 (Ind.Ct.App.1997). However, the commencement of a CHINS proceeding vests exclusive jurisdiction in the juvenile court, and no other Indiana court has jurisdiction to entertain any proceedings which conflict with that exclusive jurisdiction. *P.B. v. T.D.*, 504 N.E.2d 1042, 1043 (Ind.Ct.App.1987), *modified on re-*

---

1. We note that the juvenile court in Marion County is a separate court unto itself, and is an entirely different court than that in which the Wehrheims' dissolution of marriage was granted.

*hearing,* 507 N.E.2d 992 (Ind.Ct.App.1987); *In Matter of Guardianship of Bramblett [Grant County Dept. of Public Welfare],* 495 N.E.2d 798, 799 (Ind.Ct.App.1986). Given the dispositional alternatives available to a juvenile court in a CHINS proceeding, custody determinations are collateral to the juvenile court's jurisdiction. *Alexander v. Cole,* 697 N.E.2d 80, 82 (Ind.Ct.App.1998). Consequently, during the pendency of a CHINS proceeding, the juvenile court has exclusive jurisdiction over custody decisions until the parties are either discharged or the cause is transferred. *Id.* However, because juvenile courts have no jurisdiction in dissolution proceedings, accordingly, they have no jurisdiction over the custody of child other than in the context of a CHINS proceeding. *Hemingway,* 676 N.E.2d at 372.

In the case at bar, the juvenile court, pursuant to its exclusive jurisdiction to decide such matters, determined that B.W. was a CHINS, and entered a disposition removing her from Mother's home and placing her with Father. Mother does not dispute, nor would there be a basis for disputing, that the juvenile court's disposition of the CHINS proceeding was an appropriate exercise of the juvenile court's exclusive jurisdiction, despite the fact that this disposition of the CHINS proceeding had the incidental effect of modifying the custody arrangement agreed to by Mother and Father in their dissolution decree.

■ Notwithstanding the appropriateness of the CHINS disposition, the juvenile court exceeded its jurisdiction in purporting to make a custody determination. We note initially that, although the juvenile court consolidated the dissolution action with the CHINS proceeding, it had no authority to do so. The court which enters a dissolution decree retains continuing jurisdiction to modify custody. *Ashburn v. Ashburn,* 661 N.E.2d 39, 42 (Ind.Ct.App.1996), *trans. denied.* Indiana Trial Rule 42(D) allows actions pending in different courts but involving a common question of law or fact to be consolidated for discovery and pre-trial purposes. However, upon the completion of discovery and pre-trial proceedings, each case is returned to the court in which it was pending prior to the consolidation for further proceedings. Thus, consolidation of the CHINS and dissolution proceedings for the purpose of making a custody determination was not proper. We acknowledge that the juvenile court in Marion County is a court of general jurisdiction and can decide dissolution matters which are properly before it. However, in this case, the dissolution court had original and continuing jurisdiction over matters pursuant to the dissolution decree, including the permanent custody of B.W. The CHINS proceeding in the juvenile court only prevented the dissolution court from making a custody determination *during those proceedings,* but did nothing to rob the dissolution court of its continuing jurisdiction over dissolution matters.

■ Moreover, the fact that the dissolution court could not make a custody determination while the CHINS proceeding was pending did not necessarily mean that the juvenile court had jurisdiction to make such a determination. The juvenile court has exclusive jurisdiction *of the CHINS proceeding.* Once the CHINS proceeding was closed following the entry of the disposition, the juvenile court's exclusive jurisdiction over the case ended, and any modification of the terms of the dissolution would properly be heard by the dissolution court.[2] The juvenile court had no jurisdiction to entertain Father's petition for permanent modification of custody pursuant to the dissolution decree. Lacking jurisdiction, the juvenile court's order modifying custody is void. *Ondo v. Kemper,* 691 N.E.2d 1262, 1263 (Ind.Ct.App.1998). Accordingly, that portion of the juvenile court's order which purported to grant Father's petition for modification of custody is reversed. The remainder of the order, in-

2. In this regard, we acknowledge Father's argument that the juvenile court merely accomplished in one step what will ultimately be accomplished in two. Nonetheless, the juvenile court had no jurisdiction to make a custody determination. That the juvenile court made such a determination as part of a CHINS proceeding does not change the outcome. Juvenile courts "cannot be permitted to accomplish indirectly what they could not accomplish directly." *W.M. v. State,* 437 N.E.2d 1028, 1033–34 (Ind.Ct. App.1982).

cluding the placement of B.W. with Father as part of the CHINS disposition, is affirmed.

Affirmed in part and reversed in part.

SHARPNACK, C.J., and DARDEN, J., concur.