**Jeanne M. FOX, Gretchen Lehman, and Arnold "Bill" Lehman, Appellants,**

v.

**Ernest M. ARTHUR, Appellee.**

No. 28A01–9809–CV–339.

Court of Appeals of Indiana.

July 23, 1999.

Joseph A. Sullivan, Bloomfield, for appellants.

Richard W. Lorenz, Hickam and Hickam, Spencer, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner Jeanne M. Fox (Fox), together with her parents Gretchen Lehman and Arnold "Bill" Lehman (Lehman), intervenors below, (collectively referred to as Appellants), appeal from the trial court's entry granting Ernest M. Arthur (Arthur), Fox's former husband, sole custody of J.A., Fox and Arthur's minor child, in a dissolution case consolidated with a Child in Need of Services (CHINS) proceeding.

We reverse and remand with instructions.

### ISSUE

Appellants raise three issues on review, one of which we find dispositive:[1] whether the trial court had jurisdiction to decide a post-dissolution petition for modification of child custody concurrently with a CHINS adjudication.

### FACTS AND PROCEDURAL HISTORY

On February 10, 1989, the Sullivan Circuit Court ordered Arthur and Fox's marriage dissolved. Fox was awarded sole custody of J.A. and Arthur was given visitation rights. On or about January 22, 1996, The Office of the Prosecuting Attorney in Greene County petitioned the Sullivan Court for a transfer of the post-dissolution proceedings to Greene County. On or about February 23, 1996, the Greene County Office of Family and Children filed a petition in the Greene County Juvenile Court alleging J.A. to be a CHINS because she was being sexually abused by Fox's new husband. J.A. was removed from Fox's custody and placed in foster care with the Lehmans.

On or about March 21, 1996, Arthur filed a petition in the Sullivan Circuit Court to modify the custody and visitation arrangement. On April 9, 1996, the Greene Circuit Court

---

1. Appellants also raise the issue of whether the trial court abused its discretion in ordering Fox to pay attorney fees in the amount of $9,387.00 and the Lehmans to pay attorney fees in the amount of $2,500.00. Because we are vacating the June 2, 1998 judgment that ordered the payment of attorney fees, this issue is moot. However, we are remanding with instructions to the Greene Juvenile Court to set a hearing date for the CHINS proceeding and to ultimately determine attorney fees as a result of that hearing.

granted the motion on Fox's behalf to transfer the dissolution action to the Greene Circuit Court. On May 22, 1996, Arthur filed a motion, pursuant to Ind.Trial Rule 42, in the Greene Circuit Court, to consolidate the CHINS proceeding with the post-dissolution proceeding which had already been transferred from the Sullivan Circuit Court. On July 19, 1996, the Greene Circuit Court granted the motion to consolidate and set all pending matters for hearing.

On December 19, 1997, a hearing was held in the Greene Circuit Court on Arthur's petition to modify custody and the disposition of the CHINS case. On June 2, 1998, the court entered an order granting Arthur's petition to modify custody and awarded him sole custody of J.A. Further, the court found the order to "be effective immediately upon the dismissal of the CHINS case, which has been consolidated with the dissolution action." (R.1271). Finally, the court ordered Fox to pay the sum of $9,387.00 in attorney fees incurred by Arthur, which sum was to be applied as a credit toward the judgment against Arthur held by Fox. Also, the Lehmans were ordered to pay reasonable attorney fees to Arthur in the sum of $2,500.00.

## DISCUSSION AND DECISION

■ Appellants argue that the trial court's entry is wholly void because the trial court lacked jurisdiction to hear the petition to modify child custody while the CHINS case was pending. Specifically, Appellants contend that the initiation of a CHINS proceeding vested exclusive jurisdiction in the Greene County Juvenile Court, thereby precluding the Greene County Circuit Court from deciding post-dissolution matters until the CHINS proceeding was concluded. We agree.

Ind.Code § 31–30–1–1 delineates the jurisdiction of juvenile courts:

A juvenile court has exclusive original jurisdiction . . . in the following:

\* \* \* \* \*

(2) Proceedings in which a child, including a child of divorced parents, is alleged to be a child in need of services under IND. CODE 31–34.

Ind.Code § 31–30–1–1(2). Further, Ind. Code § 31–30–2–1 provides for the continuing jurisdiction of juvenile courts:

[T]he juvenile court's jurisdiction over . . . a child in need of services and over the child's parent, guardian, or custodian continues until:

(1) the child becomes twenty-one (21) years of age, unless the court discharges the child and the child's parent, guardian, or custodian at an earlier time . . .

Ind.Code § 31–30–2–1(a)(1).

■ General jurisdiction over child custody matters rests with the court in which jurisdiction is vested for dissolution matters. *Hemingway v. Sandoe*, 676 N.E.2d 368, 372 (Ind.Ct.App.1997). However, the commencement of a CHINS proceeding vests exclusive jurisdiction in the juvenile court, and no other Indiana court has jurisdiction to entertain any proceedings which conflict with that exclusive jurisdiction. See *P.B. v. T.D.*, 504 N.E.2d 1042, 1043 (Ind.Ct.App.1987) (while a valid CHINS proceeding is pending in Circuit Court exercising juvenile jurisdiction, the Superior Court may not, inconsistent with the custody established in the CHINS proceeding, modify the custody conferred by a Superior Court dissolution decree), *modified on rehearing on other grounds*, 507 N.E.2d 992 (Ind.Ct.App.1987), *trans. denied; Matter of Guardianship of Bramblett*, 495 N.E.2d 798, 799 (Ind.Ct.App.1986). As this court has recognized, custody determinations are collateral to the juvenile court's jurisdiction, and during the pendency of a CHINS proceeding, the juvenile court has exclusive jurisdiction over custody decisions until the parties are either discharged or the juvenile court transfers the cause. *Alexander v. Cole*, 697 N.E.2d 80, 82 (Ind.Ct.App.1998). Nevertheless, because juvenile courts have no jurisdiction in dissolution proceedings, accordingly, they have no jurisdiction over the custody of a child other than pursuant to a CHINS proceeding. *Hemingway*, 676 N.E.2d at 372.

In the present case, the undisputed and dispositive facts are that prior to Arthur's petition to modify custody in the Sullivan Circuit Court and prior to the transfer and consolidation order of the dissolution action in the Greene Circuit Court, a CHINS peti-

tion was filed in the Greene County Juvenile Court. The juvenile court, pursuant to its exclusive jurisdiction to decide such matters, entered a dispositional order removing J.A. from Fox's custody and placing her with the Lehman's. Once the CHINS petition was filed, the Greene County Juvenile Court was vested with exclusive jurisdiction over custody determinations, and no other Indiana court had jurisdiction to entertain any proceedings which conflicted with that exclusive jurisdiction. Therefore, the Sullivan Circuit Court had no jurisdiction to entertain Arthur's petition to modify custody and the Greene Circuit Court had neither jurisdiction to grant transfer of the dissolution action nor jurisdiction to grant a consolidation of the dissolution action with the CHINS proceeding. We find that all judgments entered subsequent to the initiation of the CHINS proceeding are vacated, and all motions filed before the CHINS petition are stayed. We remand this case to the point in time of the CHINS petition and find that the petition to transfer the dissolution case from the Sullivan Court to the Greene Circuit Court is pending. However, the June 2, 1998 order is vacated and the CHINS proceeding remains pending in the Greene County Juvenile Court while the post-dissolution action remains pending in the Sullivan Circuit Court.

## CONCLUSION

We find that the Greene Circuit Court did not have jurisdiction to decide a post-dissolution petition for modification of child custody concurrently with a CHINS adjudication because the Greene Juvenile Court had exclusive jurisdiction once the CHINS petition was filed. Therefore, the June 2, 1996 judgment is vacated and we remand the CHINS case to the Greene Juvenile Court with instructions to set a hearing date pursuant to the CHINS petition. Further, the dissolution case is remanded to the Sullivan Circuit Court and the petition to transfer the case to the Greene Circuit Court is pending.

Reversed and remanded with instructions.

MATTINGLY, J., concurs.

2. In *Hemingway v. Sandoe* (1997) Ind.App., 676 N.E.2d 368, 372, we observed that, although a court exercising juvenile jurisdiction and a court exercising dissolution jurisdiction may be the

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

The majority holds that the order of consolidation was erroneous and that the Greene Circuit Court lacked subject matter jurisdiction to resolve the matter of custody. This conclusion is premised upon the view that the pendency of the CHINS matter in the Greene Circuit Court precluded that court from consolidating a custody issue involved in a dissolution matter, pending in the same court, and from resolving the issue of custody in the consolidated proceeding. This conclusion in turn rests upon the rationale that all matters of custody must be resolved within the exclusive confines of a CHINS disposition and must be resolved by the court having jurisdiction of the CHINS proceeding, which jurisdiction is exclusive.

The holding relies upon several cases cited by the majority. In *P.B. v. T.D.* (1987) Ind. App., 504 N.E.2d 1042, 1043, *modified on rehearing*, 507 N.E.2d 992, the Elkhart Circuit Court, exercising its juvenile jurisdiction, found the child to be a CHINS and made her a ward of the Department of Public Welfare but ordered the child to remain in her stepmother's home. Because the Circuit Court was exercising its exclusive jurisdiction, we held that the Elkhart Superior Court could not validly modify a prior custody order entered by it in a dissolution proceeding. *Id.* at 1043. This court specifically noted, however, that the Superior Court could have exercised its jurisdiction had there been an order transferring the cause. *Id.*

In the case before us, the proceedings were pending in the same court, the Greene Circuit Court, although in one cause the court was exercising its juvenile authority and in the other its jurisdiction over custody issues in a dissolution matter.[2] Be that as it may, the court entered an order of consolida-

same court, in exercising the particular jurisdiction the courts must be viewed as separate courts.

tion, which I deem to be a valid equivalent of the order of transfer alluded to in *P.B.,* *supra,* 504 N.E.2d at 1043.[3]

Had the trial court here proceeded in a slightly different manner, the result obtained would be clearly validated. Assuming as we must that the juvenile jurisdiction being exercised by the Greene Circuit Court was exclusive, it was as to matters relating to the custody and care of the child. There surely could be no impediment to a transfer of a custody modification matter pending in a dissolution context and a consolidation of that issue or issues with the issues pending in the CHINS court.

The court could have placed the child in the custody of Arthur, as a dispositional determination in the CHINS proceeding. The court could then have put on its dissolution jurisdictional hat and, pursuant to a final CHINS decree, granted the custody modification and ordered support and visitation. The same result was achieved utilizing the custody order, followed by a dismissal of the CHINS proceeding, all as per motion made by the Greene County Office of Family and Children. Once custody had been placed with the father, the purposes of the CHINS proceeding had been entirely fulfilled.

3. In *In re Bramblett* (1986) Ind.App., 495 N.E.2d 798, 799, relied upon in *P.B., supra,* 504 N.E.2d at 1043, we found that the Grant Superior Court, Juvenile Division, had exclusive CHINS jurisdiction, which precluded the Grant Circuit Court from appointing a guardian over the child in question. Unlike the instant case, in *Bramblett* there was no order transferring or consolidating the causes. Further, in *Alexander v. Cole,* (1998) Ind.App., 697 N.E.2d 80, this court noted that the CHINS court jurisdiction was continuing and exclusive unless that court discharged the parties *"or transferred the cause." Id.* at 82 (emphasis supplied).

4. Even if I were to disregard the consolidation of the CHINS and the dissolution custodial matters and to view the determination as if it had been made in total disregard for a separate and independent CHINS proceeding, it would not alter my vote to affirm the judgment. The majority, I believe, mistakenly invalidates the judgment upon grounds that the Greene Circuit Court lacked subject matter jurisdiction.

Here, clearly, the Greene Circuit Court has and had jurisdiction over the general class of cases into which this matter fell, i.e. custody modification following a custodial award made

I see no necessity to reverse and remand, requiring the court to jump through the various hoops in reverse sequence in order to elevate the form of the concept of exclusive CHINS jurisdiction over the substance of the determination which was made.[4]

I would affirm the judgment.

in a dissolution. This is subject matter jurisdiction. *Pivarnik v. Northern Indiana Public Service Co.* (1994) Ind., 636 N.E.2d 131, 137. The fact that the court may have lacked jurisdiction (absent transfer and/or consolidation) over the *particular* case, by reason of a pending CHINS petition, did not divest it of the jurisdiction of the subject matter itself.

Matters relating to jurisdiction of the particular case, as opposed to jurisdiction of the subject matter, may be waived. *National Educ. Ass'n—South Bend v. South Bend Community Sch. Corp.* (1995) Ind.App., 655 N.E.2d 516, 519. Here, the parties agreed to the consolidation and to a joint evidentiary hearing upon the consolidated matters. The June 2, 1998 order, which granted sole custody of the child to Arthur, awarded child support and visitation, and became effective upon dismissal of the CHINS proceeding, was a result of those procedural occurrences. That Fox did not explicitly agree that the custody order was to be made within the context of the custody modification cause and that the CHINS proceeding would be dismissed does not affect my view that any challenge of the jurisdiction of the Greene County Circuit Court to determine the matter of custody, in the manner it did, had been waived.